[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought the present action against numerous defendants to recover damages incurred for repairing settlement cracks and defective conditions in a foundation of a home purchased by the plaintiff. Suit has been brought against Richard Lepore ("Lepore") and Total Home Inspection, Inc. ("Total") asserting that Lepore, on behalf of Total, conducted an inspection on the premises CT Page 6187 prior to purchase and that the inspection was done negligently. Lepore and Total have now moved for a summary judgment asserting that the facts of the case demonstrate that there is no cause of action, particularly relying upon the facts that the plaintiffs did not themselves discover the claimed cracks until 21 months after the date of purchase; that the plaintiffs allege that another defendant intentionally patched slab cracks and foundation wall cracks prior to the date of inspection; that slab cracks were covered by wall-to-wall carpeting or throw rugs; and that the report of Total specifically states that it is not a general warranty or guarantee that the report should not be considered as such. Lepore, Total nor the plaintiffs have filed any affidavits to the issue of whether, on the date of the inspection, conditions were such as to place a reasonable home inspection company on notice with problems with the house. For example, it is claimed that there were cracks in the wall that had been patched and painted prior to the time of the inspection. There is however, no indication as to whether such action was visible to an inspector and if so, the effect of such observations. The court finds that there are questions of fact relating to the nature of inspection itself.
The defendant Lepore also moves for a Summary Judgment on the grounds of contractual liability of Total may not be imposed upon Lepore individually. The claims, in the present case are not an attempt to impose liability upon Lepore on the basis of the instrumentality rule. See, Campisano v. Nardi, 212 Conn. 282
(1989). The claim the present case is based upon, is based upon personal actions of Lepore. See such cases as Scribner v. O'Brien, Inc., 169 Conn. 389, 404 (1975).
Accordingly, the Motion for Summary Judgment is hereby denied.
RUSH, J.